JOSEPH J. MULLINS, Retired Circuit Judge.
The Grand Jury of Jefferson County returned an indictment against the appellant, Andre Rena Brown, charging him with murder in the second degree. The appellant entered a plea of not guilty. The jury found the appellant guilty of murder in the second degree as charged in the indictment and fixed his punishment at twelve years imprisonment in the penitentiary. The trial court duly sentenced the appellant to the penitentiary for twelve years. The appellant filed a motion for new trial, it was overruled, and he appealed to this court.
The appellant was represented by counsel of his choice at all proceedings in the trial court and is so represented in this court. This appeal was submitted on brief of ap-pellee and letter of no merit of the appellant.
The appellant by his motion to exclude the State’s evidence and by his motion for a new trial raised the question as to sufficiency of the State’s evidence to sustain the jury verdict finding him guilty of murder in the second degree and of the sufficiency of the State’s evidence to prove venue.
The State’s evidence tended to prove that on March 31, 1976, the appellant and the deceased, Charles Edward Stanford, were playing basketball at Loveman’s Community Center in the city of Birmingham, Jefferson County, Alabama. While they were playing basketball, the appellant and the deceased, being on opposite teams, had been reprimanded for “flagrant fouls, for flagrantly handling each other on the floor.” Later on in the game, the deceased ran into the appellant and threw him to the floor. The appellant got up and ran out of the gymnasium. In a few minutes, the deceased along with several other persons left the floor of the gymnasium and went out in front of the building. The appellant went to the home of a friend nearby the gymnasium and borrowed a .22 caliber pistol and returned to the gymnasium. As he started to go into the building, he was told by the manager of the building not to go inside with the pistol he had in his hand. Appellant went on into the building anyway. As the appellant was coming off the gymnasium floor, the deceased was coming toward the gymnasium. At that time, the appellant shot the deceased with the .22 caliber pistol one time. The deceased fell to the floor and was taken to the hospital where he died that night. The appellant then went" to his friend’s house and returned the .22 caliber pistol. He got in a car with some other people, left the scene of the shooting, and was arrested by officers of the law several blocks away.
State’s evidence further tends to prove that the bullet went through the upper lobe of the left lung and into the heart of the deceased and was recovered from within *315 one of the chambers of the heart. The cause of death was due to massive internal bleeding and trauma caused by the bullet.
Murder in the second degree is the unlawful killing of a human being with malice, but without deliberation or premeditation. The defendant’s use of a pistol was sufficient to prove that he acted with malice. Fields v. State, 52 Ala. 348; Brown v. State, Ala.Cr.App., 348 So.2d 534; Harris v. State, 56 Ala.App. 301, 321 So.2d 267. We hold that under the facts contained in this record the trial court did not err when it overruled appellant’s motion to exclude the State’s evidence and appellant’s motion for a new trial.
As provided by the Alabama Code of 1975, § 12-22-240, we have searched the record for any errors prejudicial to the appellant and have found none. The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by the Honorable JOSEPH J. MULLINS, a Retired Circuit Judge, serving as a judge of this court under the provisions of § 6.10 of the new Judicial Article (Constitutional Amendment No. 328). His opinion is adopted as that of the court. The judgment is hereby affirmed.
AFFIRMED.
All the Judges concur.